# CONTRATO DE OPCION DE COMPRAVENTA

En San Juan, Puerto Rico, a los 23 días del mes de noviembre del año 2010.

## *COMPARECEN*

COMO VENDEDORA: C.B.R. Properties, Corp., una corporación organizada y existente de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con oficina principal en el número 185 km. 19.4 de la Carretera Estatal PR 185 del Barrio Gurabo Arriba, del Municipio de Juncos, Puerto Rico, representada en este acto por su Presidente, Don Carlos Beltrán Rodríguez, mayor de edad, casado, propietario y vecino de Juncos, Puerto Rico, quien está autorizado a llevar a cabo este negocio a nombre de la corporación, según surge del Certificado de Resolución Corporativa, suscrito por la Secretaria de la Corporación el 23 de noviembre de 2010.

COMO COMPRADORA: DECA Las Piedras Investment Corp., una corporación organizada y existente de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con oficina principal en el número 2 de la Calle Vela, suite 300, del Municipio de San Juan, Puerto Rico, representada en este acto por Adrián Stella Arroyo, mayor de edad, casado, propietario, y vecino de San Juan, Puerto Rico, quien está autorizado a llevar a cabo este negocio a nombre de la corporación, según surge del Certificado de Resolución Corporativa, suscrito por la Secretaria de la Corporación el 22 de noviembre de 2010.

Las partes comparecientes manifiestan tener la capacidad legal necesaria para otorgar el presente Contrato y en tal virtud libre y voluntariamente:

## EXPONEN

**PRIMERO:** La VENDEDORA es dueña en pleno dominio de un inmueble, sus estructuras y demás anexos ubicado en la intersección de las carreteras PR 183 y PR 917, Barrio Montones del Municipio de Las Piedras. La descripción del inmueble según el Registro de la Propiedad es la siguiente:

"RUSTICA: Predio de terreno de 13,287.66 metros cuadrados, equivalentes a 3.3807 cuerdas, radicado en el Barrio Montones del término municipal de Las Piedras, Puerto Rico. En lindes por el NORTE con una quebrada que la separa de terrenos pertenecientes a la sucesión de Julio Gay; por el SUR con la Carretera estatal que conduce a San Lorenzo; por el ESTE con la parcela descrita con la letra D que se adjudica a Lydia Albó Hernández y por el Oeste con parcela descrita con la letra B que se adjudica a Mario Albó Agosto.
Enclava 2 edificaciones."

Finca 3,229 inscrita al folio 145 del tomo 60 de Las Piedras, Registro de la Propiedad de

Humacao.

**SEGUNDO:** Esta propiedad está sujeta únicamente a las siguientes cargas y gravámenes:

Por su procedencia resulta:

LIBRE DE CARGAS.

Por sí está afecta a:

EMBARGO a favor de los Estados Unidos de América v. Carlos Beltrán, reclamando el pago de $88,097.96, según Notificación de fecha 326922206, seguro social patronal 66-0364789. Anotado el 28 de noviembre de 2006, inscrito al folio 129 del tomo 5 de Embargos Estatales, Asiento 4.

HIPOTECA en garantía de pagaré a favor del Portador por la suma principal de $200,000.00, con intereses al 12% y vencimiento a la presentación. Constituida por la Escritura número 16, otorgada en Juncos, el 19 de marzo de 2008, ante el notario Jacinto Reyes Rodríguez, presentada al Asiento 240 del Diario 890.

**TERCERO:** Sobre la finca ya descrita, la VENDEDORA manifiesta haber gestionado ante la Junta de Planificación una Consulta de Ubicación, con el número de caso 2007-50-0155-JPU. Mediante Resolución notificada el 9 de julio de 2009, con vigencia de 2 años, la Junta aprobó el desarrollo de un proyecto comercial para la construcción de una estructura de 15,390 pies cuadrados para albergar una farmacia, aprobando una Calificación para la finca de C-1 en base a una mensura que certifica que la finca mide 3.54 cuerdas. Para lograr esta Resolución la VENDEDORA obtuvo el endoso preliminar de las siguientes agencias de gobierno: Autoridad de Carreteras, Autoridad de Acueductos y Alcantarillados, Autoridad de Energía Eléctrica, Departamento de Agricultura, Autoridad de Desperdicios Sólidos, Departamento de Recursos Naturales y Ambientales, Junta de Calidad Ambiental, Municipio de Las Piedras y la Compañía de Comercio y Exportación. Se une copia de la Resolución, que lista los referidos endosos - Anejo A.

**CUARTO:** Los comparecientes han convenido un contrato de opción de compraventa sobre la finca antes descrita, sus estructuras y demás anexos, sujeto a las siguientes:

### CLAUSULAS Y CONDICIONES

**Uno: Precio-** La compraventa se realizará por el precio alzado de **UN MILLON CUATROCIENTOS OCHENTA Y CINCO MIL DOLARES ($1,485,000.00)**.

**Dos: Causa-** A la firma del presente contrato, la COMPRADORA entrega a favor de la VENDEDORA la suma de **CINCUENTA MIL DOLARES ($50,000.00)** como causa para su otorgamiento, para que sea depositada en una cuenta plica y en su día sea abonada como parte del precio de compra.

**Tres: Vencimiento, Prórroga y Ejecución-** El término de este contrato será de sesenta (60) días a partir de la firma del mismo. La COMPRADORA se reserva el derecho de notificar mediante documento escrito su determinación de no proseguir con el cierre antes del transcurso de estos sesenta (60) días, y la VENDEDORA vendrá obligada a la devolución íntegra del depósito. Este periodo inicial podrá ser prorrogado por un periodo adicional de sesenta (60) días mediante el pago de la suma adicional de **CINCUENTA MIL DOLARES ($50,000.00),** para que sea depositada en una cuenta plica y en su día sea igualmente abonado como parte del precio de compra. Transcurrido el término de la prórroga, y cumplidas las cláusulas esenciales sin que se efectúe la compraventa, y sin que exista causa imputable a la VENDEDORA para ello, la COMPRADORA perderá las sumas entregadas que hará suyas la VENDEDORA, como única indemnización. De ejercerse la opción de compraventa, la COMPRADORA remitirá a la VENDEDORA una comunicación escrita de estar lista para el cierre. Esta comunicación deberá ser cursada dentro del término y el cierre deberá ser citado a los quince (15) días a partir de la notificación, salvo justa causa, en cuyo caso el cierre podrá ser pospuesto por quince (15) días adicionales. Una vez notificada, la VENDEDORA vendrá obligada a comparecer y otorgar la escritura de compraventa. Se aclara que del COMPRADOR optar por no comprar, entregará y/o cederá de forma graciosa, todo endoso, permiso, acción administrativa o contractual lograda en beneficio de la Propiedad, sin que para ello tenga que pagar suma alguna la VENDEDORA.

**Cuatro: Cláusulas esenciales-** Libre y voluntariamente las partes acuerdan que las cláusulas y condiciones que se especifican más adelante serán esenciales al contrato, por lo que el incumplimiento o incorrección de cualquiera de ellas podrá dar base a que la COMPRADORA deje sin efecto el presente contrato de opción durante el término inicial o el de su prórroga, viniendo la VENDEDORA obligada a devolver a la COMPRADORA las sumas recibidas como depósito, y quedando de esta forma ambas partes liberadas de cualquier reclamación relacionada directa o indirectamente con el presente contrato.

**1. Contrato de Arrendamiento-** La VENDEDORA ha manifestado tener un contrato vigente con la entidad Walgreens of Puerto Rico para la construcción sobre la finca y posterior arrendamiento de una farmacia por de 75 años, y una renta básica mensual de $44.370.00 por los primeros 25 años, y dos incrementos. Será una condición esencial de este contrato que: 1. dicho contrato sea válido y exigible; 2. Walgreens como arrendataria autorice honrando la sustitución en el mismo de la COMPRADORA por la VENDEDORA y se comprometa a honrar los términos del contrato con la COMPRADORA como arrendadora; y 3. Walgreens acuerde mediante enmienda al contrato prorrogar el término de entrega de la tienda por lo menos a junio del año 2012. La VENDEDORA mediante documento aparte autorizará a la COMPRADORA a negociar estos cambios al contrato, y de así requerírsele le asistirá con el fin de lograr estos objetivos.

**2. Cabida -** La propiedad objeto de esta opción de compraventa será vendida por precio alzado y no por unidad de medida. No obstante, las partes reconocen que para hacer viable este contrato es necesario que la cabida total del inmueble sea al menos 3.3807 cuerdas, por lo que la

COMPRADORA habrá de contratar los servicios de un agrimensor con el fin de medir y demarcar la finca, a costo suyo. Las partes han dialogado y estipulado que en el caso en que la cabida de la finca resulte ser menor, la COMPRADORA se reserva el derecho de dar por terminado el contrato. Reconoce la VENDEDORA que sus representaciones relativas a que la finca contiene al menos 3.3807 cuerdas es esencial al contrato, y que de esta representación resultar incorrecta, podría dar lugar a que la COMPRADORA resuelva este contrato.

**3. Endosos y permisos gubernamentales:** La finca tiene a su favor una Resolución final, firme y vigente de la Junta de Planes autorizando el desarrollo de una farmacia. Reconocen las partes que la existencia, validez y ejecutabilidad de la Resolución en el caso número 2007-50-0155-JPU, es una condición esencial sin la cual este contrato no se hubiera otorgado. A esos efectos manifiesta la VENDEDORA que las gestiones que se realizaron para obtener dicha Resolución fueron realizadas a tenor con los Reglamentos y Leyes vigentes y aplicables, y sin que mediara omisión, error, engaño o fraude alguno que pudiera invalidar la misma, o afectarla de modo alguno. Expresamente acuerdan las partes que la inexistencia, invalidez, nulidad o anulabilidad, y/o la inejecutabilidad de la Resolución y/o de alguno de sus endosos preliminares será causa para la rescisión del presente contrato. Esta representación es esencial al presente contrato y sobrevivirá el otorgamiento de la correspondiente escritura de compraventa.

**4. Contaminantes y otras Sustancias Peligrosas:** La VENDEDORA asegura y garantiza que la propiedad objeto de este contrato no se encuentra contaminada con sustancia peligrosa alguna; que no ha provocado la emanación de sustancia peligrosa alguna en la propiedad, y que de hecho nunca ha habido tales emanaciones; que la propiedad no está sujeta a trámite alguno, reclamación, ni responsabilidad que esté relacionado con alguna sustancia peligrosa, y que tenga por finalidad la limpieza, eliminación o subsanación de cualquier sustancia peligrosa, ni existe amenaza de que tal situación surgiera; que no hay asbesto en la propiedad; ni existe tanque subterráneo de almacenaje en la propiedad. Todo ello conforme con las leyes y reglamentos federales, y locales aplicables, así como con las ordenanzas municipales en vigencia. Esta representación es esencial al presente contrato y sobrevivirá el otorgamiento de la correspondiente escritura de compraventa. La COMPRADORA, durante el término de esta opción podrá realizar todos los estudios que entienda pertinentes sobre la propiedad, tales como estudios de tipo de suelo, de contaminantes y cualquier otro que estime pertinente y necesario. De la COMPRADORA encontrar que dicho terreno esta contaminado la COMPRADORA podrá dejar sin efecto esta opción viniendo obligada la VENDEDORA a devolver íntegramente los dineros dados en opción por la COMPRADORA. De comprobarse la existencia de materiales o sustancias de este tipo en la Propiedad, la VENDEDORA se compromete a relevar e indemnizar a la COMPRADORA en todo supuesto de cualquier responsabilidad o gasto que dicha situación pueda ocasionarle.

**Cinco: Cláusula de no competencia:** La VENDEDORA manifiesta conocer los detalles del desarrollo comercial que se pretende llevar a cabo sobre la finca, y a causa de este contrato, la VENDEDORA y sus accionistas estarán impedidos de competir con las gestiones de negocios de la COMPRADORA relativas al desarrollo de la farmacia y centro comercial, y de desarrollar, vender una finca aledaña para que en ella se desarrolle, u operar cualquiera de los negocios

listados en el Anejo B ("Exclusives"). Esta prohibición será efectiva a 500 pies de distancia de la finca.

El término "competir" incluye, pero sin que se entienda limitado a, hacer negocios personalmente bajo el nombre propio o un nombre comercial (registrado o no) o lo que se conoce en inglés como "doing business as", ser accionista, tenedor de bonos, pagarés, ser director, oficial, empleado, consultor, o estar en un esfuerzo común ("joint venture"), participar en forma alguna en las ganancias, beneficios, operación, control, gerencia o estar conectado con una corporación que limite o usurpe la oportunidad de negocios de la COMPRADORA, y le constituya competencia. Esta prohibición perdurará por el periodo de 75 años, según restricciones a las que la VENDEDORA había accedido al firmar el contrato de arrendamiento con Walgreens, cuya cesión es contemplada como parte de la compraventa. Si el término de duración o la extensión geográfica de esta limitación fuesen declaradas inválidas por un tribunal de justicia, la limitación subsistirá por aquél término de tiempo o extensión geográfica que tal tribunal disponga que sería válido, razonable y exigible.

Siendo esta promesa de vital importancia para el éxito del proyecto que se propone realizar la COMPRADORA, las partes estipulan por la presente que el incumplimiento, ya sea directamente, o a través de terceros, o incluso como consecuencia de la ejecución de alguna garantía real, dará lugar, sin necesidad de más procedimiento, al pago de una compensación por la VENDEDORA a favor de la COMPRADORA, que será equivalente a la pérdida o merma del pago de renta que haga Walgreens como inquilino por incumplimiento de la cláusula 8 ("Exclusives") del contrato de arrendamiento, calculada en base al término del contrato que resta por transcurrir al momento del incumplimiento de esta cláusula. Esta compensación no constituye una penalidad, sino que es el estimado razonable que las partes hacen sobre el monto de los daños que sufrirá la COMPRADORA por razón del incumplimiento de la VENDEDORA, y será exigible al momento en que Walgreens como arrendataria notifique que hay un incumplimiento. El pago de esta compensación es final y conlleva el relevo total de cualquiera ulterior responsabilidad entre las partes por daños y perjuicios

Esta cláusula de no competencia sobrevivirá al otorgamiento de la escritura de compraventa.

**Seis: Entrada a los terrenos:** Efectivo hoy la COMPRADORA, a su costo, tendrá el derecho por sí o a través de otros, previo aviso en cada ocasión, de entrar al predio para investigar, descubrir y llevar a cabo pruebas incluyendo todas las que se relacionen con su desarrollo, lo que hará libremente y sin interferencia.

**Siete: *Gestiones encaminadas a la Aprobación del proyecto*-** Expresamente la VENDEDORA autoriza a la COMPRADORA, para que durante el periodo de vigencia de este contrato y su prórroga ésta realice, a su cargo, las gestiones que en ley correspondan para la aprobación del proyecto contemplado, incluyendo pero sin limitarse al diseño, preparación de planos, y la obtención de los endosos correspondientes. La COMPRADORA realizará estas gestiones de manera diligente y puntual, utilizando en todo momento los mejores esfuerzos de su

parte.

    Las partes se obligan mutuamente a mantenerse informadas y a:
      i. cumplir con las disposiciones establecidas por la Junta de Planificación, y ARPE dentro de los términos establecidos por dichos organismos.
      ii. a gestionar diligentemente y dentro de los periodos de vigencia los permisos que correspondan.
      iii. a gestionar las prórrogas que sean necesarias para evitar el cierre del caso por inacción.

    Si a juicio de la VENDEDORA fuere necesario llevar a cabo alguna gestión gubernamental y/o de cualquier otra naturaleza, para evitar que caduquen los términos relativos a la Resolución, ésta notificará a la COMPRADORA, su preocupación al respecto y se reunirán para discutir la misma dentro de los siguientes cinco (5) días calendario. Si la COMPRADORA se negare a reunirse, y/o si luego de llevada a cabo dicha reunión la COMPRADORA se negare injustificadamente a ejecutar la gestión solicitada, entonces la VENDEDORA podrá ejecutar la misma a su costo y cargo.

**Ocho: Obligación de Informar:** Con el fin de coordinar los trámites, gestiones y otros trabajos necesarios para la aprobación final del proyecto, las partes se obligan a mantenerse mutuamente informados de todas sus gestiones ante las agencias gubernamentales pertinentes, y demás trabajos, hasta la firma de la escritura de compraventa.

**Nueve: Otras representaciones de la VENDEDORA-** Sin menoscabo de lo expresado en los párrafos precedentes, con el fin de inducir a la COMPRADORA a otorgar el presente Contrato, la VENDEDORA representa y garantiza a la COMPRADORA que:

    A.    Es dueña de la propiedad objeto de este contrato y tienen título limpio y legal sobre la misma, excepto las cargas y gravámenes mencionados en el expositivo segundo de este contrato;
    B.    Tiene la facultad y el derecho de vender la propiedad, sin que exista otra obligación, instrumento, contrato, orden o sentencia de un Tribunal o agencia gubernamental, que así lo impida;
    C.    No existen opciones, compromisos o convenios de ninguna índole por razón de los cuales la VENDEDORA esté impedida de vender y/o transferir la propiedad;
    D.    Que no existe demanda, acción o procedimiento alguno, civil, penal o administrativo, conocido, anunciado o esperado que envuelva o afecte la Propiedad;
    E.    Que la VENDEDORA no está bajo la jurisdicción del Tribunal de Quiebras federal, ni sus activos bajo la administración de un síndico;
    F.    Que ninguna de las representaciones y garantías dadas por la VENDEDORA contiene alguna aseveración falsa o incorrecta, ni omite ningún hecho importante, ni induciría a la COMPRADORA a error;

G.  Todos los documentos que la VENDEDORA ha provisto, enseñado o entregado a la COMPRADORA sobre la propiedad, a fin de que la COMPRADORA se interesara en comprarla, son originales y auténticos o copias fieles y exactas de originales, y toda información y dato que ha comunicado a la COMPRADORA sobre la propiedad es también auténtica y verdadero;

H.  <u>Colindantes:</u> La VENDEDORA asegura a la COMPRADORA que no existe controversia alguna con algún colindante y no hay una reclamación que afecte el área de la finca.

I.  <u>Expropiación:</u> En la actualidad la FINCA no ha sido, ni está en proceso alguno de expropiación total ni parcial.

J.  Que la Propiedad no radica en zona inundable ni existen condiciones en su subsuelo que dificulten o haganmas costoso su desarrollo, excepto las que ya puedan haber sido advertidas a la COMPRADORA

**Diez: Representación de la COMPRADORA:** La COMPRADORA representa y garantiza a la VENDEDORA que es una corporación debidamente organizada y adecuadamente capitalizada, y que existe de conformidad con las leyes del Estado Libre Asociado de Puerto Rico; y que está debidamente capitalizada y cuenta con las autorizaciones corporativas necesarias para llevar a cabo este negocio.

**Once:** Una vez notificada de la compraventa, la VENDEDORA se compromete y obliga a otorgar las correspondientes escrituras de compraventa por virtud de las cuales se le transferirá a la COMPRADORA el título, así como el dominio sobre el inmueble objeto de este Contrato, incluso sus estructuras, demás anexos, y otros activos habidos en la propiedad, estipulándose en dicha escritura las condiciones adicionales usuales al respecto.

**Doce:** La propiedad será transferida libre de cargas y gravámenes hipotecarios, las cuales se pagarán simultáneamente con el producto de esta compraventa.

**Trece:** Las contribuciones sobre la propiedad que adeuden la Propiedad objeto de este Contrato hasta la fecha de la firma de la escritura de compraventa, incluyendo la sobretasa impuesta por la Ley # 7 del año 2009, serán de cuenta y cargo de la VENDEDORA. Informa la VENDEDORA que la propiedad descrita en el apartado expositivo PRIMERO de este contrato se encuentra identificada en las oficinas del CRIM con el número de catastro 279-040-147-02
279-040-147-03

**Catorce:** Las partes han acordado que los honorarios relativos a la preparación y otorgamiento de la correspondiente Escritura de compraventa y los gastos correspondientes a los sellos de rentas internas del original de dicha Escritura serán costeados por la VENDEDORA. La COMPRADORA pagará los relativos a la copia certificada, así como los aranceles de inscripción en el Registro de la Propiedad. La COMPRADORA designará al Notario que será usado para estos propósitos. La comisión del corredor de bienes raíces, David Díaz (licencia #51)

y Miguel Ramos (licencia # 05113) contratados por la VENDEDORA será pagada por ésta.

**Quince**: El presente contrato de opción obliga a ambas partes, sus cesionarios y sucesores en interés.

**Dieciséis: Notificaciones** - Para fines de todas las notificaciones bajo este contrato, las partes expresan que sus direcciones postales y números de fax, hasta nuevo aviso por escrito, son las siguientes:

*C.B.R. Properties Corp.
P.O. BOX 775
Juncos, Puerto Rico 00771
Tel. y Fax 787-713-1790*

*DECA Las Piedras Investment Corp.
P.O. BOX 11918
Caparra Heights
San Juan, Puerto Rico 00922-1918
Tel. 787-753-9552 Fax 787-753-9554*

**Diecisiete: Confidencialidad-** Las partes reconocen que la confidencialidad de las cláusulas contenidas en el presente contrato es indispensable para su ejecución y viabilidad, y que su divulgación puede resultar en perjuicio del negocio acordado. Por ello, y siendo de beneficio a ambas partes conservar en privado los acuerdos aquí llegados, asumen la obligación recíproca de no divulgar los mismos salvo que haya consentimiento expreso y por escrito de la otra parte, a menos que la información divulgada sea esencial para viabilizar la ejecución de la compraventa, y lograr los fines de este contrato.

Este Contrato contiene todos los acuerdos de las partes y no podrá enmendarse, cancelarse o alterarse de modo alguno excepto mediante documento por escrito otorgado por las partes aquí comparecientes.

**Y PARA QUE ASI CONSTE**, las partes firman e inician el presente Convenio, en el lugar y fecha antes señalados.

Por la VENDEDORA:                                          Por la COMPRADORA:


Carlos Beltrán Rodríguez                                   Adrián Stella Arroyo

Affidávit Número: ___

Reconocido y suscrito ante mí por C.B.R. Properties Corp., a través de su Presidente, Carlos Beltrán Rodríguez, de las circunstancias personales anteriormente expresadas, a quien DOY FE de conocer personalmente.

En San Juan, Puerto Rico, hoy a los __23__ días del mes de _noviembre_ de 2010.

_____
NOTARIO PÚBLICO

Affidávit Número: ___

Reconocido y suscrito ante mí por DECA Las Piedras Investment Corp., por conducto de Adrián Stella Arroyo, de las circunstancias personales anteriormente expresadas, a quien DOY FE de conocer personalmente.

En San Juan, Puerto Rico, hoy a los __23__ días del mes de _noviembre_ de 2010.

_____
NOTARIO PÚBLICO