**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>CARLOS L. BELTRAN RODRIGUEZ<br>INES GONZALEZ ROSADO<br><br>     Debtors | CASE NO. 09-06437(ESL)<br><br>CHAPTER 11 |

**EMERGENCY MOTION TO SET ASIDE NOTICE OF SALE**

**TO THE HONORABLE COURT:**

COMES NOW DECA Las Piedras Investment, Corp., ("DECA") through its undersigned counsel and very respectfully states and requests:

**I.  INTRODUCTION**

1.  DECA is a corporation organized and authorized to do business pursuant to the laws of the Commonwealth of Puerto Rico, with principal offices at Vela Street Number 2, Suite 300, San Juan, Puerto Rico.

2.  C.B.R. Properties Corp. ("CBR") is a corporation organized and authorized to do business pursuant to the laws of the Commonwealth of Puerto Rico, with principal offices at number 185 Km. 19.4, State Road Number 185, Gurabo Arriba Ward, Juncos, Puerto Rico.

3.  On November 23, 2010, CBR, as seller, represented by its president and co-debtor in the captioned case, Carlos L. Beltran Rodríguez ("Beltran"), and DECA, as purchaser, entered into an option purchase agreement as to the realty described as follows in the Spanish language:

> "RUSTICA: Predio de terreno de trece mil doscientos ochenta y siete punto seis seis (13,287.66) metros cuadrados, equivalents a tres punto tres ocho cero siete (3.3807) cuerdas, radicado en el Barrio Montones del término municipal de Las Piedras, Puerto Rico. El lindes por el NORTE con una quebrada que la separa de terrenos pertenecientes a la

        sucesión de Julio Gay; por el SUR con la Carretera estatal que conduce a San Lorenzo; por el ESTE con la parcela descrita con la letra D que se adjudica a Lydia Albó Hernández y por el Oeste con parcela descrita con la letra B que se adjudica a Mario Albó Agosto." (the "Property").
        The Property is recorded as property number 3,229 page 145 of book 60 of Las Piedras, Registry of the Property of Humacao.

4. CBR and DECA agreed that the sale of the Property would be for $1,485,000.00, as to which at the time of the execution of the option purchase agreement, DECA delivered $50,000.00 to CBR, as consideration for the execution thereof, to be deposited in an escrow account, and to be credited to the agreed to purchase price.

5. The option purchase agreement was for a 60 day term, as of the date of its execution, term that could be extended for an additional 60 day period through the payment of an additional $50,000.00, to be deposited in an escrow account and to be credited to the agreed to purchase price.

6. Upon the execution of the option purchase agreement and in consideration thereof, DECA at its expense, undertook soil studies to evaluate the feasibility of its intended project consisting of the development of a pharmacy for Walgreen of Puerto Rico, Inc. ("Walgreens"), and negotiated with Walgreens an amendment to the contract to extend the date of the delivery of the pharmacy and for Walgreens to assume the lease contract with DECA as lessor.

7. During January 2011, DECA exercised its right to extend the initial term of the option purchase agreement and delivered to CBR the additional $50,000.00, while incurring in additional expenses such as plans, permits and others necessary for the completion of the pharmacy facilities.

8. As provided for in the option purchase agreement, on March 22, 2011, DECA wrote to CBR for the parties to execute the deed of sale of the Property on April 6, 2011.

9. On March 31, 2011, CBR's counsel, Juan Manual Adorno Peña, Esq., requested that the closing be postponed and he was summoned by DECA to appear at a pre-closing on April 5, 2011, at which time Mr. Adorno informed DECA's representatives that Mr. Beltran was ill and as a result, the closing had to be postponed.

10. On April 6, 2011, DECA's representatives, through a third party, learned that this Court had appointed Noreen Wiscovitch, Esq. as Chapter 11 Trustee in the case of reference (the "Trustee').

11. Upon an examination of the docket of the case, DECA's representatives became aware that the Trustee had filed a motion to inform the sale of the Property which CBR, a juridical person different and apart from the Debtors and not the subject to the jurisdiction of this Court, is legally obligated to sell to DECA under the terms of the agreed to option purchase agreement (the "Motion"). (Docket No. 295).

12. In the Motion, the Trustee refers to the option purchase agreement between CBR and DECA, attaching a copy thereof thereto, indicating the sales price of the Property as $1,485,000.00, recognizing the $100,000.00 advanced by DECA, providing a breakdown of the closing costs and indicating that the balance of the sales price is to be placed in an interest bearing account or CD "to be used to fund a reorganization plan to be proposed by the Trustee and to pay for the costs of the administration of the Chapter 11".

13. Therein, the Trustee merely informs the Court that the Debtors are CBR's shareholders and of CBR's transaction with DECA.

14. Contemporaneously with the Motion, the Trustee filed a notice of the sale of the Property (the "Notice of Sale"), through which she pretends to tortiously interfere with the contractual relationship between CBR and DECA by disregarding the same, disingenuously stating that "[i]f there are no other written offers, which are higher and better than the offer by DECA Las Piedras Investment, Corp. is made [sic] by April 15, 2011 at 4:00p.m. to the Trustee at her offices …. ,the realty will be sold to DECA's Las Piedras Investment Corp for the amount of $1,475,000.00."[1]

15. Then the Trustee proceeds to list the terms and conditions of her purported sale.

16. Also on March 31, 2011, the Trustee filed a "Motion to Shorten Objection Period on Notice of Sale" requesting that it be reduced to 10 days (Docket No. 296). In this motion, the Trustee recognizes that CBR "is not in bankruptcy" but that without reference to any statute, case law or principle of law, "she understands that since the sale proceeds would be received by the Estate[2], she was required to notify the sale".

17. DECA does not have any objection as to the Trustee's notification of the sale to DECA and as to whatever the Court determines should be the destiny of the net proceeds of the sales price, but strenuously object to her attempted interference with CBR's obligations to sell the Property to DECA.

---

[1] $10,000.00 less than the agreed to purchase price between CBR and DECA.
[2] This is an incorrect assertion since the seller of the Property is CBR, not Debtors.

18. Inconsistently with her other pleadings, in the motion for reduction of time and within the context thereof, where the Trustee recognizes that CBR "is not in bankruptcy", at paragraph 2 thereof it is stated:

> The parties [obviously referring to CBR and DECA as there are none others] are ready to close on the property owned by CBR Properties Corp. However, the Trustee understands that a period for objection is necessary and/or for any prospective buyer to make an offer and conduct an auction if necessary.[3]

19. Then, at paragraph 3 of the motion for reduction of time, the Trustee states:

> The Trustee notified the sale [to DECA] with a shorten objection period to 10 days. If there is no objection, the Trustee has opened the period to receive counteroffers to April 15, 2011. If no offers are received the property will be sold to the buyer, DECA Las Piedras Investment, Corp. for the sales price of $1,475,000.00.[4]

## II. THE APPLICABLE LAW

20. Section 541 embodies the essence of the Bankruptcy Code. It creates the bankruptcy estate, which consists of all of the property that will be subject to the jurisdiction of the bankruptcy court. 5 Collier on Bankruptcy 16th Ed. §541.01 (Footnote omitted).

21. It is recognized that Congress' intent to define property of the estate in the broadest possible sense is evident from the language of the statute which initially defines the scope of estate property to be all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held. Collier, *id.*

---

[3] As previously stated this second part of the Trustee's statement is ill founded.
[4] If the language of the motion for reduction of time wasn't so confusing enough, the Trustee proposes to sell the Property for $10,000.00 less than the agreed to purchase price by CBR and DECA.

22. An examination of Section 541(d)[5] makes clear that the estate can only succeed to the same property interest that the debtor possesses, and cannot achieve a greater interest. In this case, Debtors' don't have any property interest in the Property, which belongs to CBR, an entity not in bankruptcy. Debtors' property interest is limited to their shares in CBR. *U.S. v. Ken Intern. Co., Ltd.* 184 B.R. 102, (D.Nev.,1995); *In re McDonald,* 114 B.R. 326, 334 (d. Mass. 1990).

23. As under in Illinois law[6], under Puerto Rico law a corporation is a legal entity separate and distinct from its shareholders, directors and officers. *Millan v. Centennial Communications Corp.* 500 F.Supp. 2d. 14, 26 (D. Puerto Rico 2007); *Santiago Aponte v. Rodríguez Martínez,* 2011WL 1107074 (2011); *Díaz Aponte v. Comunidad San José, Inc.,* 130 D.P.R. 782 (1992); *Sucesion Santaella v. Srio. De Hacienda*, 96 DPR (1968); *Sucn. De Salvador Pérez v. Tomás E. Gual*, 76 DPR (1954).

24. *In re Billingsley,* 338 B.R. 372, 375(Bankr. C.D. Ill. 2005) and the cases cited therein best illustrate the reparability of a corporate entity from its shareholders, officers and directors, as follows:

> Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, directors, and officers. *In re Rehabilitation of Centaur Insurance Co.,* 158 Ill.2d 166, 172, 632 N.E.2d 1015, 1017, 198 Ill.Dec. 404, 406 (1994). The Bankruptcy Code treats corporations in a similar fashion. The Bankruptcy Code accords a corporation the status of a "person" and treats it as a separate legal entity distinct from its shareholders. 11 U.S.C. § 101(41). Accordingly, a corporation may be a debtor in bankruptcy in its own right [

---

[5] Section 541 (d) states: Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold

[6]

> *see* 11 U.S.C. § 109(c) ], but it may not jointly seek relief with any other person, including a shareholder, director, or officer. *In re Clem,* 29 B.R. 3, 4, (Bankr.W.D.Idaho 1982).
>
> As a result, it is well-settled that assets owned by a corporation are not included in the bankruptcy estate of an individual shareholder. *Fowler v. Shadel,* 400 F.3d 1016, 1018 (7th Cir.2005) (Assets of debtor's wholly-owned corporation are not property of the debtor and cannot become part of the bankruptcy estate of the debtor shareholder); *In re Russell,* 121 B.R. 16, 17–18 (Bankr.W.D.Ark.1990) (Assets of corporation are not property of debtor shareholder's bankruptcy estate solely by virtue of shareholder's 82% stock ownership of corporation); *In re Normandin,* 106 B.R. 14, 16 (Bankr.D.Mass.1989). A debtor's shares in a corporation became part of the bankruptcy estate; the assets of the corporation do not. *Ginsberg and Martin on Bankruptcy,* § 501[B].(Footnote omitted).

25. In *In re Billingsley*, 338 B.R. at 376, the Court stated "it is clear from the foregoing that the assets of a corporation may not be administered in the bankruptcy case of an individual shareholder, officer, or director".

26. This is so since even though Section 541 provides the framework for determining the scope of the debtor's estate and what properly will be included in the estate, it does not provide any rules for determining whether the debtor has an interest in property in the first place. The gap is filled most of the time by nonbrankruptcy law. The Supreme Court has added that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Collier op.cit. §541.03 (footnote omitted).

27. A Trustee cannot assert greater rights that the debtor had on the date the case was commenced. Collier, id.

### III. CONCLUSION

28.　Based on the above cited principles of law, the Notice of Sale must be set aside forthwith and CBR's president directed to close on the sale of the Property to DECA.

### IV. EMERGENCY NATURE OF MOTION

29.　Due to the *ultra vires* action of the Trustee, its adverse effect on DECA, and on DECA's property rights, the time limitations and the procedure established and intended to be effected by the Trustee, it is necessary that the Court considers the instant Motion and acts on it immediately.

30.　As provided for in Local Bankruptcy Rule 9013(c), DECA has carefully examined the matters set forth herein and has concluded that there is a true need for their disposition on an expedited basis.

**WHEREFORE**, it is respectfully requested that the Notice of Sale be vacated and set aside and CBR's president directed to close on the sale of the Property to DECA.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Office of the United States Trustee, and all participants of CM/ECF.

San Juan, Puerto Rico, this 11th day of April, 2011.

**Charles A. Cuprill, P.S.C., Law Offices**
*Attorneys for A.Cordero Badillo, Inc.*
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tels. (787) 977-0515 to 977-0517
Fax. (787) 977-0518

**s/ Charles A. Cuprill-Hernández**
USDC-PR 114312
E-Mail: ccuprill@cuprill.com