# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**CARLOS L. BELTRAN RODRIGUEZ &**<br>**INES GONZALEZ ROSADO,**<br>Debtors. | CASE NO. 09-06437(ESL)<br><br>**CHAPTER 11** |

## REQUEST FOR RECONSIDERATOIN AND
## FOR ENTRY OF ORDER APPROVING SALE

**TO THE HONORABLE COURT:**

**COME NOW NOREEN WISCOVITCH-RENTAS,** Debtor's Chapter 11 Trustee and to this Honorable Court very respectfully states and prayS as followS:

1. On January 20, 2011, Ms. Noreen Wiscovitch was appointed as Chapter 11 operating Trustee in the above captioned case.

2. On March 31, 2011, the Chapter 11 Trustee filed a Notice of Intent to sell a property which belongs to C.B.R. Properties Corp. ("CBR") to DECA Las Piedras Investment, Corp. ("DECA") as per an Option Contract which was signed between CBR and DECA on November 23, 2010. *Dkt. 295.*

3. The Notice of Sale stated that any party who was interested in making a higher offer had until April 15, 2011 to do so. The Period to oppose the sale was shortened to ten (10) days as per an Order entered on April 1, 2011. *Dkt. 298.* No Opposition was filed to the sale and no offers were received by the Trustee.

4. On April 9, 2011, Carlos Beltran filed a Motion Requesting an Order to Hold in Abeyance the Notice of Sale. *Dkt. 303.* On April 11, 2011, DECA filed an Urgent Motion to Set Aside the Notice of Sale (Collectively referred to as the "Motions"). *Dkt. 305.*

1

5. Both Motions state basically the same things: (1) that although CBR's owner is in Bankruptcy, CBR is a separate judicial entity who is not in Bankruptcy, and for that reason it does not need the Court's approval to sell the property; and (2) that there is a valid Option to Purchase Contract between DECA and CBR and to contemplate any additional offers for the purchase of the property would illegally interfere with that valid Contract.
6. On April 12, 2011, the Court granted both motions and set a hearing to hear the matter for May 17, 2011. *Dkts. 307 & 308.*
7. The parties are in agreement that it is in the best interest of all the concerned parties that the sale take place as described in the Notice of Sale.
8. It is in the Chapter 11 Trustee's best business judgment that the best course of action is to sell the property to DECA as stated in the Option Contract and the Notice of Sale.
9. Since no additional offers to purchase the property were received before the deadline and no oppositions to the sale *per se* were filed, both Motions are now moot. For that reason, The Chapter 11 Trustee hereby requests that the Orders entered on April 12, 2011 be reconsidered and that the Motions be denied as moot. It is further requested that the Court grant the Notice of Sale and allow the Trustee to sell the Property to DECA under the terms stated in said Notice. Finally it is requested that the Hearing set for May 17, 2011 be left without effect.
10. The CBR and the Chapter 11 Trustee will then be able to disburse proceeds from the sale to pay closing costs and secured creditors, unless disputed by the Trustee, as notified to the Court and all parties in interest on March 31, 2011 (Dkt. No. 275).

**WHEREFORE,** it is hereby respectfully requested for the Court to grant the instant Motion and that the Court enter an Order approving the sale of CBR property under the terms described in the Notice of Sale and that no other offers be considered. It is further requested that the Court set aside the hearing scheduled for May 17, as moot.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and all participants of CM/ECF.

In San Juan, Puerto Rico, this 15th day of April of 2011.

/s/ *Rafael A. González Valiente*
USDC# 225209
**Counsel for Chapter 11 Trustee**
PO Box 9022512
San Juan, Puerto Rico 00902-2512
Tel: (787) 724-0230
Fax: (787) 724-9171
Email:rgonzalez@lbrglaw.com

3