| B 104 | (Rev. 2/92) **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|---|---|
| **PLAINTIFFS** NOREEN WISCOVITCH RENTAS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF CARLOS BELTRAN RODRÍGUEZ & INES GONZÁLEZ ROSADO **DEBTORS** CARLOS BELTRAN RODRÍGUEZ & INES GONZÁLEZ ROSADO | | **DEFENDANTS** ABDULLAH AHMAD ABDULLAH, JANE DOE AND THE CONJUGAL UNION BETWEEN THEM. | |
| ATTORNEYS (Firm Name, Address, and **RAFAEL A. GONZALEZ VALIENTE,** PO BOX 9022512 SAN JUAN PR 00912 Telephone No. (787)724-0230 | | ATTORNEYS (if Known) CHRISTIAN J. FRANCIS MARTINEZ CONSOLIDATED MALL – SUITE 52 202 GAUTIER BENITEZ AVE. CAGUAS PR 00725-5527 | |
| | 1 U.S. PLAINTIFF | 2 U.S. DEFENDANT | 3 U.S. NOT A PARTY ☐ |

**CAUSE OF ACTION** (OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
RECOVERY OF PROPERTY OF THE ESTATE, STRICT COMPLIANCE OF THE CONTRACT, BREACH OF CONTRACTS & DAMAGES.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| X 454 To Recover Money or Property | 455 To revoke an order of confirmation 456 of a Chap. 11, Chap. 12, or Chap. 13 Plan | To obtain a declaratory judgment relating to any of foregoing causes of action |
|---|---|---|
| 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | 426 To determine the dischargeability of a debt 11 U.S.C. §523 | To determine a claim or cause of action removed to a bankruptcy court |
| 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | (434) To obtain an injunction or other equitable relief | **498 Other (specify)** BREACH OF CONTRACT DAMAGES |
| 424 To object or to revoke a discharge 11 U.S.C. §727 | 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | 1 Original Proceeding X | 2 Removed 4 Reinstated 5 Transferred Proceeding or Reopened from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|
| DEMAND | NEAREST THOUSAND $1,570,000.00 | OTHER RELIEF SOUGHT **STRIKE COMPLIANCE WITH CONTRACT** | |

| | BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDIN | | |
|---|---|---|---|
| NAME OF DEBTOR CARLOS BELTRAN RODRÍGUEZ & | | BANKRUPTCY CASE NO. 09-06437 | |
| DISTRICT IN WHICH CASE IS PENDING PUERTO RICO | DIVISIONAL OFFICE | | NAME OF JUDGE ENRIQUE S. LAMOUTTE |

RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF CARLOS BELTRAN RODRÍGUEZ | DEFENDANT ABDULLAH AHMAD ABDULLAH | | ADVERSARY PROCEEDING NO. |
|---|---|---|---|
| DISTRICT PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE ESL | |
| **FILING FEE** (Check one box only.) | FEE ATTACHED ☐ FEE NOT REQUIRED | FEE IS DEFERRED | |
| DATE JUNE 22, 2011 | PRINT NAME RAFAEL A. GONZALEZ VALIENTE | | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>NOREEN WISCOVITCH RENTAS,<br>CHAPTER 11 TRUSTEE FOR THE ESTATE OF<br>CARLOS BELTRAN RODRÍGUEZ & INES<br>GONZÁLEZ ROSADO<br><br>**DEBTORS,**<br><br>_____<br><br>CARLOS BELTRAN RODRÍGUEZ & INES<br>GONZÁLEZ ROSADO<br><br>**PLAINTIFFS**<br><br>VS.<br><br>ABDULLAH AHMAD ABDULLAH, JANE DOE<br>AND THE CONJUGAL UNION BETWEEN THEM .<br><br>**DEFENDANTS.** | **CASE NO. 09-06437 (ESL)**<br><br>**CHAPTER 11**<br><br><br>ADV. PROCEEDING . _____<br><br>RECOVERY OF PROPERTY OF<br>THE ESTATE, STRICT<br>COMPLIANCE OF THE<br>CONTRACT, BREACH OF<br>CONTRACTS & DAMAGES. |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, NOREEN WISCOVITCH RENTAS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF CARLOS BELTRAN RODRÍGUEZ & INES GONZÁLEZ ROSADO represented by her undersigned attorney and to this Honorable Court very respectfully states and prays that:

1. This is an adversary proceeding filed pursuant to 11 U.S.C. §542, 11 U.S.C. §105, and Bankruptcy Rule 7001 within a Chapter 11, Title 11 1101 et. seq. of the

1

U.S. Bankruptcy Code. It is a complaint for recovery of property of the estate [pursuant to 11 U.S.C. §542], to force strict compliance of contract, damages for breach of contracts and extra-contractual damages under the Civil Code of Puerto Rico.

2. Jurisdiction is ascertained under 28 U.S.C. §1334 in that it arises under Chapter 11 of the U.S. Code, and constitutes a "Core" proceeding as defined in Title 28 U.S.C. Section 157 and Bankruptcy Rule of Civil Procedure 9020.

3. Venue is appropriate in this Court under 28 U.S.C. § 1409(a).

**The Parties**

4. Noreen Wiscovitch Rentas, Chapter 11 Trustee for the Estate of Carlos Beltran Rodríguez & Ines González Rosado is the Plaintiff in the present Adversary Proceeding.

5. Abdullah Ahmad Abdullah; Jane Doe is the wife of Abdullah Ahmad Abdullah; and the conjugal partnership legally established between them. Abdullah Ahmad Abdullah is a resident of Puerto Rico and along with his wife and the conyugal partnership constituted between them are the Defendants in the present Adversary Proceeding.

**Introduction & Background**

6. The Debtor filed for Bankruptcy Protection on August 4, 2009.

7. Noreen Wiscovitch Rentas was appointed as Chapter 11 Trustee for the Bankruptcy Estate on January 20, 2011.

8. Debtors are the owners of a gasoline service station located in Carolina Puerto Rico and the parcel of land on which the gasoline service station is located (*collectively referred to hereinafter as the "Gas Station"*).

9. The parcel of land is described in the Puerto Rico Property Registry in the Spanish Language in the following manner:

> ---"URBANA: Parcela de terreno donce ubica la estación de gasolina con una cabida de MIL SESCIENTOS METROS CUADRADOS (1,600.00 mc), radicada en el barrio Sabana Abajo, Carolina, Puerto Rico; en lindes por el NORTE, en treinta y tres punto noventa y cinco con el solar dedicado a usos de accesorios; por el SUR, en veintisiete punto ochenta y cinco (27.85) metros con la calle número Treinta y Ocho "A" (38-A); por el ESTE, en dos Arcos, uno de cinco punto trece (5.13) metros y otro de cuarentay cinco punto sesenta y ocho (45.68) metro con la calle Este principal de la urbankzación Valle Arriba Heights, por el OESTE, en cincuenta y ocho punto setenta y dos (48.72) metros, con solar dedicado a uso de accesorios."------------------
>
> ---DATOS DE INSCRIPCIÓN: Previamente constaba inscrita al folio ciento veintiseis (126) del tomo cuatrocientos cuarenta y uno (441), finca diecisiete mil ochocientos (17,800); hoy al folio cuarenta y dos (42) del tomo novecientos cuarenta y seis (946), finca treinta y nueve mil cuatrocientos cuarenta y seis (39,546) en el Registro de Carolina I.------------------------------------------------------------------------

10. On August 1, 2010, the Plaintiff/Debtor entered into an Agreement to Purchase the parcel of land and the gas station (*hereinafter referred to as the "Agreement"*). See **Exhibit 1** - *Agreement.*

11. The Agreement was filed before the Bankruptcy Court was approved on October 28, 2010. *Dkt. 202.*

12. The Agreement stipulated that the Defendant would pay $75,000.00 as the option price to acquire possession of the property and reserve the Gas Station to

3

purchase the same for the price of $1,425,000.00. Of the $75,000.00, $50,000.00 would be paid in two monthly instalments of $15,000.00 starting on August 31, 2010 and a final payment of $20,000.00 on October 30, 2010. *See* **Exhibit 1**.

13. In addition, the Plaintiff was responsible for paying a sum of $10,000.00 each month to the Debtors for the payment of the mortgage to Banco Popular de Puerto Rico (hereinafter "BPPR").

14. The Agreement granted the Defendant one (1) year to purchase the Gas Station.

15. Since the signing of the Agreement, the Defendant has been in possession of the Gas Station.

16. The Defendant has not met the payment terms of the Agreement, nor has he purchased the Gas Station and is still in possession of the Gas Station.

17. Specifically, the Defendant failed to pay $35,000.00 of the scheduled monthly installments corresponding to September 30, 2010 and October 30, 2010.[1] In addition, Plaintiff has only made payments of $25,000.00 of the $10,000.00 monthly payments required by the contract after October of 2010. *See* **Exhibit 1**, *p.3*.

18. The instant complaint is for the turnover of the amounts owed to the Estate, for the payment of the contractually obligated amounts, damages and for the strict

---

[1] Defendant agreed to make a payment of $15,000.00 on August 30, 2010, another payment of $15,000.00 on September 30, 2010 and final payment of $20,000.00 on October 30, 2010. *See Agreemeent on p. 3.*

4

satisfaction of the contract.

**First Cause of Action - Strict compliance with the Contract**

19. The Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint.

20. The Defendant has failed to meet his contractual obligations in accordance with the Agreement.

21. The Agreement is twofold: (1) it requires certain payments from the Defendant, and (2) is what in the Civil Code is called a promise to purchase ("promesa de compra"). *Art. 1340 of the P.R Civil Code, 31 L.P.R.A § 3747.*

22. As such, the Defendant is obligated to make the payments listed in the Agreement and currently owes the Estate $120,000.00 plus interest, plus an additional $10,000.00 for the remaining two months of the contract.

23. Once the year stated in the Agreement is concluded, on July 31, 2011, the Defendant is obligated to purchase the Gas Station for the agreed upon price of $1,425,000.00, minus $75,000.00 advanced as part of the Agreement.[2]

24. The Plaintiff requests that the Defendant be ordered to meet its obligations up to the present date, to continue with the payments up to July 31, 2011 and for the fulfilment of the promise to purchase at said time.

**Second Cause of Action - Breach of Contracts**

25. The plaintiff re-alleges and incorporates by reference the allegations of

---

[2] Defendant has only advanced $40,000.00 at this time, the remaining $35,000.00 are being requested as part of this Complaint.

5

paragraphs 1 through 24 of this Complaint.

26. The Defendant has failed to make his contractually obligated payments while at the same time enjoying the Gas Station and economically exploiting the same.

27. Specifically, the Defendant failed to pay $35,000.00 out of the $75,000.00 Advance Payments.

28. In addition, Plaintiff has failed to make part of the $10,000.00 payments required by the contract, currently owing $85,000.00.

29. The Defendant was contractually obligated to make the aforementioned payments to the Estate and has failed to do so.

30. The Plaintiff requests a judgement ordering the payment of the $120,000.00 mentioned in ¶27 and ¶28, plus legal interest from the date that the debt was incurred.

31. Plaintiff also requests an additional $10,000.00 a month until such time as the Defendant turns over the property to the Trustee.

32. In addition, Plaintiff requests a judgment ordering the payment of no less than $100,000.00 in ongoing damages

33. Finally, a breach of a contract for promise to purchase gives rise to a cause of action for damages caused to the aggrieved party, in this case the Plaintiff. See *Jordan v. Padro*, 103 D.P.R. 813 (1975). Plaintiff requests judgment in the amount of $1,350,000.00 in damages for the breach of agreement to purchase.

## Second Cause of Action - Turnover of Property of the Estate Pursuant to §542

34. The plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 33 of this Complaint.

35. The Defendant has not met the payment terms stated in the Agreement, has not purchased the Gas Station and is in possession of the property.

36. Section 542(a) of the Bankruptcy Code states that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title [11 USCS § 363], or that the debtor may exempt under section 522 of this title [11 USCS § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
> 11 U.S.C. 542 (a)

37. In the alternative that the Court does not order strict compliance with the Agreement, by ordering the sale of the Gas Station, the Plaintiff demands judgment directing the Defendant to pay to turnover to Debtor the Gas Station immediately along with any and all property, inventory and ancillary equipment.

38. In addition, the Plaintiff requests that the Defendant be ordered to turnover $35,000.00 for the Advance Payments and $85,000.00 in monthly mortgage payments, as stipulated in the Agreement.

39. Plaintiff also requests an additional $10,000.00 a month until such time

as the Defendant turns over the property to the Trustee, plus legal interest over the total sum from the date the debt was incurred to the date it is paid.

40.     Finally, the Plaintiff demands an additional amount of $100,000.00 in continuing damages to the Estate.

## Fourth Cause of Action - Damages

41.     The plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 40 of this Complaint.

42.     The breach of contract by the Defendant and his obstinate failure to make the contracted payments caused that Mr. Carlos Beltran and Mrs. Ines González could not meet their obligations with BPPR and their other creditors.

43.     The Breach of Contract has caused the Estate no less than $220,000.00 plus an additional $10,000.00 a month until the property is returned to the Estate, plus legal interest, in economic damages.[3]

44.     In addition, the breach of contract has caused Beltran and González emotional damages in an amount of no less than $500,000.00.

45.     It is requested for a Judgement in favor of the Plaintiff for damages in an amount of no less than $500,000.00.

**WHEREFORE**, it is hereby requested that the Court issue a Judgment ordering (1) for the Defendant to meet its obligations under the Agreement, including the payment of $120,000.00, plus $10,000.00 until the Gas Station

---

[3] $35,000.00 in failed Option payments + $85,000.00 in monthly mortgage payments + $100,000.00 in other economic damages to the Estate = $220,000.00.

is purchased, plus interest and that the Defendant be ordered to purchase the Gas Station in strict compliance with the Agreement;(2) the payment of the contractually obligated payments up to the date of judgment, in a minimum of $120,000.00 plus legal interest until the date of payment, plus damages for breach of contract in no less than $1,450,000; (3) the Turnover of the Gas Station to the Trustee and $120,000, plus $10,000 a month until the property is returned to the Estate, $100,000 in economic damages plus interest; and (4) payment of $220,000.00 in economic damages and $500,000.00 in emotional damages for breach of contract.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participating parties and to the Assistant US Trustee, US Trustee's Office, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, Puerto Rico 00901. I further certify that the Mr. Abdullah Ahmad Abdullah will be served by certified mail at Paseo de Dorado, Paseo Real #106, Dorado, PR 00646. A copy of this Complaint is also being delivered to Atty. Christian J. Francis Martinez as counsel for the Abdullah Ahmad Abdullah, Consolidated Mall, C-31-B, Ave. Gautier Benitez, Caguas PR 00726.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on June 21, 2011.

/s/ *Rafael A. Gonzalez Valiente*
USDC No. 225209
*Counsel for the Estate of Carlos Beltran*
LATIMER, BIAGGI, RACHID & GODREAU
PO Box 9022512
San Juan, PR 00902-2512
Tel. (787)724-0230 / Fax (787) 724-9171
E-mail *rgonzalez@lbrglaw.com*

G:\RGonzalez\Carlos Beltran\New Folder\Complaint Carolina Gas Station.wpd

## ACUERDO DE OPCIÓN DE COMPRAVENTA

En Las Piedras, Puerto Rico, al día Primero (1ro) del mes de agosto de dos mil diez (2010).

### COMPARECEN

**DE LA PRIMERA PARTE:**

CARLOS BELTRÁN RODRÍGUEZ y su esposa INÉS GONZÁLEZ ROSADO, ambos mayores de edad, casados entre sí, propietarios y vecinos de Humacao, en adelante denominados "OPTATARIO".

**DE LA SEGUNDA PARTE:**

ABDULLAH AHMAD ABDULLAH mayor de edad, soltero, propietarios y vecinos de Dorado, en adelante denominado el "OPTANTE".

### EXPONEN Y ACUERDAN

**PRIMERO:** Que el "OPTATARIO" es dueño en pleno dominio, de una propiedad cuya descripción registral se describe a continuación:

"URBANA: Parcela de terreno donde ubica la estación de Gasolina, con una cabida de MIL SEISCIENTOS METROS CUADRADOS (1,600.00 MC), radicada en el barrio Sabana Abajo de Carolina, Puerto Rico; en lindes por el Norte, en treinta y tres punto noventa y cinco, con el solar dedicado a usos accesorios; por el Sur, en veintisiete punto ochenta y cinco (27.85) metros, con la calle número treinta y Ocho "A" (38-A) por el Este, en dos (2) Arcos, uno de cinco punto trece (5.13) metros y otro de cuarenta y cinco punto sesenta y ocho (45.68) metros, con la calle Este principal de la urbanización Valle Arriba Heights, por el Oeste, en cuarenta y ocho punto setenta y dos (48.72) metros, con solar dedicado a usos accesorios."

**DATOS DE INSCRIPCIÓN:** Previamente constaba inscrita al folio ciento veintiséis (126) del tomo cuatrocientos cuarenta y uno (441), finca diecisiete mil ochocientos (17,800); hoy folio cuarenta y dos (42) del tomo novecientos cuarenta y seis (946), finca treinta y nueve mil cuatrocientos cuarenta y seis (39,546), al Registro de la Propiedad para Carolina I.

### GRAVÁMENES, SERVIDUMBRES

Por su origen, la propiedad se encuentra afectada a servidumbre a favor de la finca (11120) de Sabana Coporation, Autoridad de Acueductos y Alcantarillados y a condiciones restrictivas de uso y edificación.

Por sí, está afectada a hipoteca a favor del Banco Popular de Puerto Rico por la suma principal de Un millón doscientos mil dólares ($1,200,000.00) según surge de la escritura de hipoteca veintinueve (29) autorizada el día catorce de agosto de dos mil

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRIGUEZ Y SU ESPOSA INES GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 2 de 8

uno (2001), autorizada ante el Notario Luis E. López Correa, la cual se encuentra inscrita a la inscripción undécima (11ma) del Registro; al *folio cuarenta y dos (42) del tomo novecientos cuarenta y seis (946), finca treinta y nueve mil cuatrocientos cuarenta y seis (39,546)*, al Registro de la Propiedad para Carolina I

—————— TÍTULO ——————

—SEGUNDO: El **OPTATARIO** adquirió la propiedad objeto de esta compraventa según surge de la Escritura número según surge de la escritura de hipoteca doscientos veintinueve (229) autorizada el día treinta y uno de julio de mil novecientos noventa y ocho, autorizada ante el Notario Gil A. Mercado Nieves, según surge de la inscripción décima (10ma.)

—Se aclara particularmente por el **OPTANTE**, que ha realizado a su costo un estudio de título realizado por el investigador de título Gilberto Betancourt Herrera, con fecha del día veintinueve (29) de julio de dos mil diez (2010), por lo que descansa en cuanto a las cargas de dicho inmueble en el estudio que realizó.

—Que entre las partes se ha pactado un acuerdo de **opción de compraventa**, lo que se lleva a efecto sujeto a las siguientes:

—————— CLÁUSULAS Y CONDICIONES ——————

—A: El **OPTANTE** y el **OPTATARIO** acuerdan que la opción de compra venta a ser pactada sobre la propiedad aludida será basada a **precio alzado**.

—B: La opción pactada es por el término improrrogable de un (1) año, a partir del día primero (1ro) de agosto de dos mil diez (2010); el cual sólo será prorrogable por sesenta (60) días adicionales y finales para su cierre, siempre y cuanto el **OPTANTE** muestre documento fehaciente que está en trámites con una entidad bancaria a fin de tramitar financiamiento. Todo lo anterior está sujeto que el acreedor hipotecario y/o sus agentes y/o agencias federales y/o estatales concernientes al acreedor hipotecario y al **OPTATARIO**, den su anuencia y/o aprobación al presente contrato.

—Se acuerda expresamente, que del **OPTANTE** no ejercer la opción dentro del término pactado en la cláusula anterior, pierde todos los depósitos y todas y cada una de las aportaciones económicas y de cualquier otra índole que realice, como lo es abono mensual a la hipoteca e intereses; pago de contribuciones; arreglos a la propiedad y

09/13/2010 09:33 7877160880 LCDO J M ADORNO PAGE 04/09

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRIGUEZ Y SU ESPOSA INES GONZALEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 3 de 6

cualquier otro desembolso que haga el OPTANTE, como resultado e la operación del negocio en marcha aludido.

—C: Se acuerda que el precio pactado es la suma de **UN MILLÓN CUATROCIENTOS VEINTICINCO MIL DÓLARES ($1,425,000.00)**; de cuya suma entregará el OPTANTE al OPTATARIO la suma de **SETENTA Y CINCO MIL DOLARES ($75,000.00)** de la siguiente forma:

—un primer pago o depósito en el día de hoy de **VEINTICINCO MIL DÓLARES MIL DÓLARES ($25,000.00)** mediante dos cheques uno el número (0078) por **DIEZ MIL DÓLARES ($10,000.00)**; y el otro el número (0079) por la suma de **QUINCE MIL DÓLARES ($15,000.00)** de lo cual da carta de pago en forma.

—un segundo pago o depósito de **QUINCE MIL DÓLARES ($15,000.00)** en el día 30 de agosto de 2010;

—un tercer pago o depósito de **QUINCE MIL DÓLARES ($15,000.00)** en o antes del 30 de septiembre de 2010;

—y un último pago o depósito de **VEINTE MIL DÓLARES ($20,000.00)** en o antes del 30 de octubre de 2010.

—Por tanto, el balance de **UN MILLÓN TRESCIENTOS CINCUENTA MIL DÓLARES ($1,350,000.00)** será pagadero con la firma de la escritura de compraventa.

—D. Forma parte del acuerdo que el OPTATARIO será responsable del pago de la hipoteca que actualmente tiene la propiedad con su acreedor hipotecario; la cual paga una suma aproximada de Diez mil ($10,000.00) dólares mensuales que se aportan a principal e intereses que adeuda la hipoteca que la grava; a ser pagada directamente a la parte OPTATARIA, quien demostrará fehacientemente el pago inmediato a la casa hipotecaria.

—Sobre los pagos mensuales antes aludidos se acuerda específicamente que solamente será abonable a la suma de compraventa a pactar, aquella parte, si alguna, que el acreedor hipotecario abone al principal de la deuda existente actualmente; el restante no constituye una suma recuperable por el OPTANTE ni abonable al precio de compraventa; toda vez que en virtud de dicho pago mensual, se le estaría permitiendo el uso del puesto de gasolina para su explotación para el expendio de gasolina y

PAGE 03/08 LCDO J M ADORNO 7877166885 09/18/2010 13:38

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRIGUEZ Y SU ESPOSA INES GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 4 de 8

productos derivados o sea si tiene alguna.—

—E: Además, se acuerda que por el total de periodo de opción será de cuenta y cargo del **OPTANTE**, todos y cada uno de los pagos por concepto de contribuciones sobre la propiedad, tanto inmuebles (territoriales) como muebles; el pago de todos los seguros, entiéndase de propiedad que requiera el acreedor hipotecario, lo que incluye estructura con endoso a favor del **OPTATARIO** y del acreedor hipotecario, lo que representa el **OPTATARIO** que está al día; igualmente será responsabilidad del **OPTANTE** mantener una póliza de seguros de responsabilidad pública que requiera la operación, con una cubierta mínima de **UN MILLÓN DÓLARES ($1,000,000.00)** con un endoso a favor del **OPTATATARIO** y al acreedor hipotecario.—

—F: Además, será por cuenta y cargo del **OPTANTE** por el total del periodo de opción, todos los pagos de energía eléctrica, agua, y cualquier otro servicio necesario para la operación del negocio aludido, teniendo que sustituir todas las licencias operacionales a su nombre, en un término no mayor de noventa (90) días. No obstante, del OPTANTE no ejercer el contrato de opción a ser pactado, se compromete en realizar todas las gestiones necesarias para revertir al **OPTATARIO** todas las licencias y permisos aludidas.—

—G. Este contrato está sujeto a que el acreedor hipotecario y/o sus agentes y/o agencias federales y/o estatales concernientes al acreedor hipotecario y/o al **OPTATARIO**, den su anuencia y/o aprobación al presente contrato.—

—H. Además, se acuerda por ambas partes que el **OPTANTE** no podrá efectuar mejoras estructurales de clase alguna en la propiedad objeto de este contrato, a no ser que obtenga previamente y por escrito del **OPTATARIO**, permiso para efectuarlas, disponiéndose sin embargo, que una vez realizadas, estas mejoras quedarán a beneficio exclusivo del **OPTATARIO**, sin que tenga que abonar o pagar suma alguna por ellas al **OPTANTE**, sin no ejerce la opción a pactar. En caso de que no se de el contrato de opción y/o el **OPTANTE** no ejerce la opción, y de éste último haber realizado mejoras sólo podrá hacer suyas y llevarse aquellas mejoras que pueda desprenderse sin afectar la estructura y/o decoración permanente del inmueble. Todo permiso gubernamental que se necesite para las mejoras y/o uso de espacio

09/13/2010 09:33 7877160885 LCDO J M ADORNO PAGE 05/09

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRIGUEZ Y SU ESPOSA INES GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 5 de 8

objeto de contrato, será de cuenta y costo del OPTANTE.——————

—I. Se aclara que será de cuenta y costo del OPTANTE todas y cada una de las mejoras para poder poner en operación las facilidades al uso convenido; pactándose que será de entero y exclusivo costo del OPTANTE toda la decoración, todas las mejoras eléctricas, de agua potable y de agua sanitaria, los sprinklers y todo lo concerniente a telecomunicaciones y/o cualquier otra facilidad que se requiera para habilitar el local objeto de arrendamiento——————

—J. Se acuerda que para realizar las mejoras, deberá tramitar a su entero y exclusivo costo y previo al comienzo de los trabajos, todos los permisos gubernamentales requeridos a tal fin, entiéndase permiso de la Administración de Reglamentos y Permisos, con el correspondiente pago del Fondo del Seguro de Estado; Póliza de responsabilidad pública según aludido mas adelante, los arbitrios municipales y/o estatales que se requieran y cualquier otro requerimiento del Estado a tales fines.——————

—K. Acuerdan que el OPTANTE, una vez notifique al OPTATARIO su ejercicio a su derecho a comprar la propiedad, lo que deberá hacer por escrito fehacientemente y dentro del término de opción concedido, dentro de cuyo término se tiene que otorgar las escrituras de compraventa.——————

—L. Manifiestan los comparecientes y particularmente el OPTANTE que han inspeccionado la propiedad y de ejercer su derecho de opción y comprarla la adquieren como está, "as is"; además admite haber recibido la carta de galonaje.——————

—M. De ejercerse la opción, acuerdan expresamente las partes que los honorarios de abogado y los sellos del original, relacionados con el cierre de la transacción de compraventa, serán por cuenta de la parte que satisfaga los gastos de la compraventa, será quien tendrá derecho a escoger al Notario que autorice la escritura.——————

—N. Al momento del otorgamiento de las escrituras de Compraventa, en caso de que el OPTANTE ejerzan su derecho de comprar, se saldará también por parte del OPTATARIO, cualquier otra carga, gravámenes, que la afectan según el Registro de la Propiedad, debiendo estar al día las contribuciones territoriales cuando se efectúe la escritura de Compraventa.——————

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRÍGUEZ Y SU ESPOSA INES GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 5 de 8

—N. La invalidez o incumplimiento de cualquier cláusula de este contrato no afectará o debilitará las demás cláusulas. Los títulos aquí comprendidos son para conveniencia y no definen, limitan o interpretan el contenido de dichos artículos.—

—O. Si alguna sección o sub-sección de este contrato de opción fuera declarada contraria a cualquier disposición contenida en cualquier ley por cualquier corte competente, dicha sección o sub-sección será interpretada, eliminada o sustituida de tal modo que la disposición pertinente del contrato pueda prevalecer y será la ley entre ambas partes.—

—P. El OPTATARIO representa y garantiza al OPTANTES que en el inmueble objeto de esta contratación no existen medianeros, edificantes mala fe, materialistas, ni persona alguna con derecho alguno sobre el inmueble o acreedor alguno sobre la propiedad que no sean los aludidos previamente.—

—Q. El OPTATARIO representa y garantiza al OPTANTE que no conocen de hechos que afecten su titularidad sobre la propiedad y que el otorgamiento de este contrato y la escritura de compraventa que pudiera otorgarse en su día no se hará en fraude de acreedores, teniendo el OPTANTE, sujeto a lo expresado anteriormente, tiene pleno dominio sobre la propiedad y completa y absoluta facultad y autoridad para disponer de la misma y transferir dicho título en su día.—

—R. El OPTANTE y el OPTATARIO se comprometen y obligan a otorgar cualquier documento o instrumento adicional que pueda ser necesario o requerido, y a ejecutar de buena fe, aquellos actos y gestiones que sean necesarios para el cumplimiento de los acuerdos contenidos en este documento, así como se comprometen y obligan a suscribir, otorgar y/o entregar al OPTANTE todos los documentos necesarios para la perfección de este contrato de opción.—

—————————NOTIFICACIÓN ESCRITA—————————

—S. Todas las notificaciones que se requieren en este contrato serán enviadas por escrito a:—

—El OPTANTE: Paseo de Dorado, Paseo Real # 106, Dorado, Puerto Rico 00646.—
—El OPTATARIO: P. O. Box 775, Juncos, Puerto Rico 00777.—

09/13/2010 09:33 7877160885 LCDO J M ADORNO PAGE 08/09

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRÍGUEZ Y SU ESPOSA INÉS GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 7 de 8

——————————— CUMPLIMIENTO ———————————

—T. Este contrato, así como los derechos y obligaciones en el mismo, sus cláusulas, condiciones y términos serán obligatorios para las partes comparecientes, sus herederos, albaceas, sucesores, legatarios, administradores, causahabientes, beneficiarios, representantes legales y cesionarios, quienes están obligados a cumplir fielmente las obligaciones y condiciones de este documento.————————

—Además, este acuerdo sustituye toda conversación u ofrecimiento realizado con anterioridad a este acto.————————

—V. Por último, por la presente ambas partes se obligan a gestionar y otorgar cualquier otro documento público o privado que fuere necesario o requerido bien por el acreedor hipotecario y/o sus agentes y/o agencias federales y/o estatales concernientes al acreedor hipotecario y al OPTATARIO, para suplir cualquier omisión o detalle que deba aclararse, corregirse, enmendarse o adicionarse de forma que tanto el acuerdo de opción o de compraventa y/o la inscripción del negocio pueda darse.————————

——————————— ACEPTACIÓN ———————————

—Los comparecientes aceptamos el presente documento por hallarlo a nuestra entera satisfacción y contento.————————

—Y PARA QUE ASÍ CONSTE, firmamos y otorgamos el presente en la forma y manera que ha quedado redactado.————————

OPTANTE:

ABDULLAH AHMAD ABDULLAH

OPTATARIO:

CARLOS BELTRÁN RODRÍGUEZ          INÉS GONZÁLEZ ROSADO

AFFIDÁVIT NÚMERO: 9693

—Reconocido y suscrito ante mí por CARLOS LUIS BELTRÁN RODRÍGUEZ e INÉS GONZÁLEZ ROSADO en calidad de OPTATARIOS y por ABDULLAH AHMAD ABDULLAH, en calidad de OPTATANTE, de las circunstancias señaladas y a quienes

09/13/2010 13:38 7877160885 LCDO J M ADORNO PAGE 07/09

CONTRATO DE OPCION DE COMPRAVENTA
ENTRE CARLOS BELTRAN RODRÍGUEZ Y SU ESPOSA INES GONZÁLEZ ROSADO, OPTANTES
Y ABDULLAH AHMAD ABDULLAH
Página 8 de 8

DOY FE de conocer personalmente.

En Las Piedras, Puerto Rico, hoy 1ro de agosto de 2010.

_____
JUAN MANUEL ADORNO PEÑA
NOTARIO PÚBLICO

(Central/CONTRATO, Contrato Opción, CHARLIE BELTRAN CAROLINA#2)