IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :        CASE NO. 09-06437(ESL)
                                                    :
CARLOS L. BELTRAN RODRIGUEZ            :        CHAPTER 11
INES GONZALEZ ROSADO                   :
                                                    :
        Debtors                                     :
                                                    :

OPINION AND ORDER

This case came before the court on October 5, 2012 for a hearing to consider the chapter 11 trustee's urgent motion for sale of assets and assumption of executory contracts (Dkt. # 510) and the oppositions thereto filed by creditor Toral Petroleum Corporation ("Toral")(Dkt. #517) and the Debtors (Dkt. # 518). The chapter 11 trustee filed responses to the oppositions (Dkt. #s524 & 525). The chapter 11 trustee seeks authorization to sell three (3) gas stations identified as Las Piedras Gas Station, San Lorenzo Gas Station and Carolina Gas Station. The minimum purchased price for each property is identified in the motion and total $2,400,000. The motion includes detailed notice and bidding procedures for the auction, albeit on an expedited basis. The chapter 11 trustee alleges that a good business reason for the sale has been articulated in light of the agreement reached with secured creditor Banco Popular de Puerto Rico ("BPPR") for a "carve out" and payment of operational expenses for a period of up to 30 days, and the history of operational losses of the gas stations. Toral objects to the expedited process as a subterfuge to circumvent the confirmation process. The Debtors object to the sale alleging that a sale will moot the efforts of the chapter 11 plan filed on August 7, 2012 together with the disclosure statement (Dkt. #s 492 & 493). The approval of the disclosure statement is scheduled for a hearing to be held on October 16, 2012. Debtors further allege that their plan will produce a higher dividend to unsecured creditors.

The Hearing

After considering proffers of evidence by parties to the contested matter the court found, and the parties agreed, that the following facts were uncontested: the gas stations are losing money, the

total value of the three properties is $3,200,000, and the cross-collateralized lien of BPPR is $4,090,000. The chapter 11 trustee and BPPR informed, and the record corroborates, that the stay has been lifted in favor of BPPR to continue foreclosure proceedings up to the point of judgment. BPPR stated that if the sale does not go through it will seek authorization from the court to sell the properties at a public sale. On April 16, 2010 the Debtors and BPPR filed a stipulation for adequate protection, relief from stay, repayment agreement and superpriority status. The same was approved on May 21, 2010. There are approximately 9 - 12 additional properties which the chapter 11 trustee estimates will produce an additional $500,000 to the estate.

Background

The travel of this case has been tortuous. The chapter 11 petition was filed on August 4, 2009. On October 2, 2009 and October 16, 2009 the court entered orders to show cause why the case should not be dismissed. The debtor answered and no action was taken. On February 1, 2010 an evidentiary hearing was held to consider Toral's motion to convert. On April 8, 2010 the court entered an opinion and order denying Toral's motion to convert. At a hearing held on July 13, 2010 the court denied the approval of the disclosure statement and ordered Debtors to show cause why the case should not be converted or a chapter 11 trustee appointed. The case again came before the court on December 21, 2010. At the hearing the court denied approval of the disclosure statement and found cause to appoint a chapter 11 trustee. The United States trustee appointed Ms. Noreen Wiscovitch Rentas as chapter 11 trustee.

After the withdrawal of attorney Lorenzo Palomares, attorney Juan A. Santos Berrios assumed representation of the Debtors. Attorney Santos withdrew from Debtors' representation in December 2011. In April 2012 Mr. Antonio Fiol Matta assumed representation of the Debtors.

The court held a hearing on May 8, 2012 to consider several contested matters and concluded that the parties had not placed it in a position to determine if conversion or dismissal was in the best interest of creditors. All parties in interest, including the chapter 11 trustee and Debtors, were granted 90 days to file a disclosure statement and plan. The same were filed and have been scheduled for a hearing to be held on October 16, 2012.

Applicable Law

Sale of assets "not in the ordinary course of business" may be conducted pursuant to 11 U.S.C. §363(b)(1) of the Bankruptcy Code. Also, a chapter 11 plan may provide for the sale or liquidation of all or part of the assets of the estate under 11 U.S.C. §1123(b)(4). The tension in a chapter 11 case arises when authorization to sell a major part of the assets is sought prior to confirmation. The conflict lies in the applicable statutory provisions. Pre-confirmation sales are governed by 11 U.S.C. § 363(b)(1) and are not subject to the voting and confirmation provisions of 11 U.S.C. §§1126 and 1129.

The seminal case of In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983) established as the critical factor that the trustee must show a legitimate business justification for the sale before confirmation. The concept was explained in In re Chrysler LLC, 576 F.3d 108 (2d Cir 2006). The trustee must articulate a "good business reason" for the court to approve a 363 sale prior to confirmation of a chapter 11 plan after considering all salient factors.

The uncontested facts of this case, in light of its history, move the court to find that the chapter 11 trustee has articulated a good business reason warranting the approval of the motion. The gas stations have been and are operating with losses, there is no equity in the properties as BPPR is an under secured creditor, BPPR has obtained an order lifting the stay, BPPR has offered a carve out exclusively for general unsecured creditors, the chapter 11 plan proposed by the Debtors also contemplates the selling of the properties as the means to fund the plan, the entity the Debtors proffer is willing to purchase the properties may bid for the purchase, BPPR is not willing to continue without receiving any adequate protection payments, and BPPR has offered to carry operational losses expenses for a period of 30 days. Although the hearing on approval of disclosure statement is not distant from today, the need for expediency to finalize the sale process in light of the carve out offer tilts the scales in favor of the sale as the approval of disclosure statement and ultimately the confirmation of the plan is speculative.

## CONCLUSION

In view of the foregoing, the court finds that the chapter 11 trustee has met the burden of articulating a good business reason for the court to approve the sale of assets prior to confirmation.

3

Therefore, the chapter 11 trustee's motion for sale of assets is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of October, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge